**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 09-22472-CIV-UNGARO**

KELLEY MALA,

Petitioner,

v.

KENNETH ATKINSON, Warden,

Respondent.
_____________________________________/

**ORDER ON MAGISTRATE JUDGE'S REPORT**

THIS CAUSE is before the Court upon Plaintiff's *pro se* petition for habeas corpus pursuant to 28 U.S.C. §§ 2241–2243, challenging the execution of his sentence by the Bureau of Prisons, filed August 21, 2009. (D.E. 1.) The cause was referred to Magistrate Judge Patrick A. White, who, on May 4, 2010, issued a Report recommending that Plaintiff's Complaint be dismissed for Petitioner's failure to exhaust his available administrative remedies. (D.E. 29.) The parties were afforded the opportunity to file objections to the Magistrate Judge's Report. On May 13, 2010, Petitioner filed Objections and Response to Magistrate Judge Report and Recommendations. (D.E. 30.) The matter is now ripe for review.

THE COURT has considered the record as a whole and is otherwise fully advised in the premises. In his Report, the Magistrate Judge recommends dismissal because, it appears from the record that Petitioner has failed to exhaust his available administrative remedies. (D.E. 29, at 3.) Exhaustion of administrative remedies is required before a petitioner may seek habeas relief from a district court; where a petition is brought pursuant to 28 U.S.C. § 2241, the exhaustion requirement is jurisdictional. *Hicks v. Jordan*, 165 Fed. App'x 797, 798 (11th Cir. 2006).

In his objections, Petitioner contends that he pursued his administrative remedies by filing a grievance with the Bureau of Prisons. (D.E. 30.) However, he does not contest the representation made by Respondent that Petitioner did not exhaust his administrative remedies because he never appealed the institution's response to the grievance he filed. (D.E. 9, at 2.) Accordingly, the Court adopts the finding of the Magistrate Judge that Petitioner failed to exhaust his administrative remedies before filing the petition currently before the Court. Accordingly, the Court lacks jurisdiction to consider Petitioner's *pro se* habeas petition.

Petitioner also argues in his objections that the Bureau of Prisons cannot enforce or create any law that discriminates against or reflects preferential treatment toward one class of inmates over another. (D.E. 30, at 3.) However, in support of that objection, Petitioner merely states that there is no reason he cannot be placed on home confinement. (*Id.*) Petitioner does not raise any new issues of fact or law that were not considered by the Magistrate Judge in the analysis contained in his Report. Accordingly, having conducted a *de novo* review of the record, it is hereby

ORDERED AND ADJUDGED that the Magistrate Judge's Report is RATIFIED, ADOPTED, and AFFIRMED; the Plaintiff's *pro se* petition for habeas corpus (D.E. 1) is DISMISSED for lack of jurisdiction.

DONE and ORDERED in Chambers, at Miami, Florida this _21st_day of May, 2010.

URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided:
Kelley Mala, *pro se*
Counsel of record